UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MARCELLUS M. MASON, JR.

    Plaintiff,

v.

MIDFLORIDA FEDERAL CREDIT UNION, WACHOVIA, BANK OF AMERICA, CHEXSYSTEMS, Inc., dba, "Chex Systems Collection Agency"

    Defendants

Case No: 8:09CV1738-T 27 AEP

_____/

# COMPLAINT

## Nature Of the Action

1. This is an action against Defendant MidFlorida Credit Union, hereafter, "MidFlorida", for wrongfully dishonoring a cashier's check. Based upon an affidavit executed by a third party, Maynard Mason, MidFlorida dishonored a cashier's check. Additionally, MidFlorida honored the stop payment prior to the expiration of 90 days. As a direct consequence of MidFlorida's negligence and dishonor of the cashier's check, MidFlorida caused a chain of bad credit reports to be generated by several credit reporting agencies which damaged the Plaintiff and his reputation. Lastly, ChexSystems and Bank of America, reported information both knew or should have known was inaccurate.

## JURISDICTION AND VENUE

2. This complaint alleges violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681n, § 1681o, § 1681s-2(b), § 1681e(b), 15 U.S.C. § 1681n(a), and § § 1681o(a).

3. This case arises under the laws of the United States, and presents federal questions within this Court's jurisdiction under Article III of the federal Constitution, 28 U.S.C. §§1331, 1343, and 1361.

4. Plaintiff also asserts state law claims of negligence, conversion, and Breach of Third-Party Beneficiary Contract.

1



5. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 42 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and (b)(2).

## THE PARTIES

7. Defendant, MIDFLORIDA FEDERAL CREDIT UNION, maintains its headquarters at 129 S Kentucky Ave, # 700, Lakeland,FL, 33801, Phone:(863)709-210, and usually does business in Lakeland, FL.

8. Defendant ChexSystems, Inc. ("ChexSystems") maintains its headquarters at: 4900 N Scottsdale Rd R, Scottsdale, Arizona 85251-7652.

9. ChexSystems, Inc. is consumer credit reporting agency. ChexSystems, Inc. reports negative information about deposit accounts at banking institutions.

10. According to Wikipedia and others 80% of all commercial banks and credit unions in the United States use ChexSystems as a step in the consumer checking or savings account application process.

11. Wachovia maintains its corporate headquarters at: One Wachovia Center, 301 S. College St., Ste. 4000, Charlotte, NC 28288-0013, Phone: 704-590-0000, Fax: 704-374-3425, Toll Free: 800-922-4684. Wachovia maintains branches throughout the state of Florida and in the Middle District of Florida in particular.

12. Plaintiff, Marcellus M. Mason, Jr., hereafter, "Mason", resides at 214 Atterberry Drive in Sebring, Florida.

## MATERIAL FACTS

13. On or about **June 30, 2005**, Marcellus M. Mason, Sr., through his agent, Marcellus M. Mason, Jr. purchased a cashier's check in the amount of $13,000 from MidFlorida. This cashier's check bore corporate check number **4104770720**.

14. Marcellus M. Mason, Jr. was the named payee on the cashier's check.

15. On or about July 9, 2005, Maynard Mason, a third party, requested a stop payment on the cashier's check and swore with an affidavit that the cashier's check was lost, stolen, or destroyed.

16. Michelle Jolin, an Assistant Branch Manager with MidFlorida acknowledged and signed the affidavit executed by Maynard Mason and hand wrote the word "rush" on the affidavit.

17. On or about July 13, 2005, [15 days after the check was issued], MidFlorida dishonored the cashier's check

2

and credited the account of Maynard Mason for the amount of the cashier's check, $13000.

18. . MidFlorida and specifically Kathy Britt, Chief Operations Officer for have concluded, despite a host of legal authority to the contrary, that Maynard Mason, a third party to the cashier's check, an alleged accountholder in the underlying account used to purchase the cashier's check, could initiate a stop payment and have it enforced prior to the 90 day expiration period required by Fla.Stat.673.3121.

## ALLEGATIONS OF INCORRECT REPORTING CAUSED BY MIDFLORIDA'S DISHONOR OF A CASHIER'S CHECK.

19. Upon receipt of the cashier's check from MidFlorida, Marcellus M. Mason, Jr. then deposited the proceeds from the cashier's check in Wachovia Bank.

20. Upon dishonor of the original cashier's check by MidFlorida, Wachovia then debited Marcellus M. Mason Jr.'s account, then leaving a negative or debit balance in the account that exceeded $1000.

21. WACHOVIA reported the Plaintiff to ChexSystems on or about August 23, 2005 as: *"Reported For:NON-SUFFICIENT FUNDS (NSF) ACTIVITY."* On information and belief, ChexSystems is also reporting this same charge-off on Plaintiff's father, Marcellus Mason, Sr.

22. WACHOVIA reported the Plaintiff as a charge-off to Equifax and Experian on or about August 2005.

23. Equifax has deleted all references to WACHOVIA on this matter in its credit reporting.

24. WACHOVIA reported that the Plaintiff was overdrawn and makes no mention of the fact that MidFlorida had dishonored a cashier's check. WACHOVIA does not mention that the account in question had a credit balance prior the dishonor of said cashier's check. WACHOVIA knew or should have known that the Plaintiff is not obligated to guarantee a cashier's check.

25. WACHOVIA, a holder in due course, made no legal effort to force MIDFLORIDA to honor its cashier's check.

26. On July 26, 2009, Plaintiff faxed a dispute to ChexSystems and stated: *"I want you to completely remove all references to Wachovia Bank and the above mentioned 'Reported for: NON SUFFICIENT FUNDS (NSF) ACTIVITY' because this statement is misleading and dishonest. It gives the impression that I wrote a bad check and nothing could be further from the truth. I cannot and will not be held accountable for the illegal*

*actions of a bank who improvidently granted a stop payment request from a third party."* As an alternative remedy, this dispute also included a short statement describing what happened in more detail. However, ChexSystems sent a letter to the Plaintiff on or about July 28, 2009 stating that it could not publish and report Plaintiff's statement.

27. On August 4, 2009, Plaintiff called WACHOVIA directly and WACHOVIA claimed that they had no information on the account in question and that all its information regarding the account was deleted since the account was sold to the RJM Acquisitions. WACHOVIA, the furnisher of this information declined to investigate the matter while absolving itself of all legal responsibility.

28. Plaintiff called ChexSystems again on August 21, 2009 and spoke with a "Susan" who stated that it was corporate policy not to enter the names of financial institutions in the consumer 100 word statement disputing an item on the report. To date, both WACHOVIA and Chexystems have declined to correct the misleading and dishonest reporting with respect to this matter.

## ALLEGATIONS RELATED TO BANK OF AMERICA'S FURNISHING OF INCORRECT ACCOUNT INFORMATION

29. On November 10, 2006, BANK OF AMERICA reported Plaintiff to ChexSystems for "Account Abuse".

30. On or about July 26, 2009, Plaintiff faxed ChexSystems a dispute with respect to negative erroneous bank account information that was furnished by BANK OF AMERICA. On information and belief, ChexSystems is reporting this negative information both on the Plaintiff and his father. Plaintiff specifically told ChexSystems that the account in question belonged to Plaintiff's father, Marcellus M. Mason, Sr. Plaintiff provided ChexSystems with both his birthday and that of his father, August 13, 1956 and Dec. 07, 1928, respectively.

31. On August 3, 2009 in reply to a dispute regarding the accuracy of this information, ChexSystems stated: "The information submitted to ChexSytems by BANK OF AMERICA, formerly known as NationsBank has been verified to be accurate and complete.."

4

32. On August 11, 2009, Plaintiff faxed ChexSystem again and demanded that the information in question be deleted. In addition to the information above, Plaintiff stated: "*I am enclosing a copy of a statement of the account in question. If you will notice that the Marcellus Mason on this account receives both Social Security and VA pension checks while I Marcellus M. Mason, Jr. have never received any compensation from either. Further, you will notice that there is only one Marcellus Mason is listed on the account, not two.*" Moreover, the statement includes my father's SSAN, 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, which is completely different from the Plaintiff's, 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, which is known to both ChexSytems and BANK OF AMERICA.

33. Plaintiff called BANK OF AMERICA on August 20, 2009 and specifically told them [Phyllis] that the Plaintiff was not an obligated on the account in question, and that the account belonged to the Plaintiff's father, Marcellus M. Mason, Sr. and Mary Mason, Plaintiff's mother. Additionally, Plaintiff told BANK OF AMERICA to check the signature cards and BANK OF AMERICA declined. MIDFLORIDA [Phyllis] stated that the Collections Dept. does not review or these analyze underlying documents. Lastly, Plaintiff told BANK OF AMERICA to analyze the statements and transactions in the account in question and that they would find that a Marcellus Mason's old age social security checks were being deposited into the account, BANK OF AMERICA declined to look and so that it could find that it would be impossible for Plaintiff who is now only 53 to collect the Social Security old-age pension.

34. Plaintiff called ChexSystems on August 21, 2009 and spoke with a "Susan" who stated that the BANK OF AMERICA information was accurate and declined to investigate further even though it was in possession of a bank statement that showed the account holder was receiving a check from social security with the number 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 and Plaintiff's SSN number is 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.

### DAMAGES SUFFERRED BY THE PLAINITFF

35. Plaintiff applied for a bank account with the Highlands Independent Bank and was turned down based upon the ChexSytems Report. Additionally, Plaintiff has sought to open bank accounts at other financial intuitions including Wachovia and MidFlorida but was turned down as well.

36. Plaintiff can not open a banking account with any bank that uses ChexSystems.

37. Plaintiff must pay check cashing fees because he cannot open a bank account.

38. Plaintiff has been barred from writing personal checks at local businesses.

39. Plaintiff's auto insurance rates was adjusted upward, in part, because of the false credit reports.

40. As a direct and proximate result of Defendants' MIDFLORIDA, WACHOVIA, BANK OF AMMERICA, and CHEXSYSTEMS' unlawful acts, Plaintiff has suffered loss of earnings, loss of fringe benefits, extreme mental anguish, outrage, severe anxiety about his future, harm to his employability and earning capacity, embarrassment, damage to his reputation, disruption of his personal life, and loss of enjoyment of ordinary pleasures of everyday life in the past, and will continue to suffer these damages in the future.

### First Cause of Action
### Negligence

41. PLAINTIFF incorporates by reference the allegations as set forth in ¶¶ 1-18, 35-40, above.

42. Defendant MIDFLORIDA has been negligent.

43. Defendant MIDFLORIDA has a statutory obligation to honor its own cashier's check.

44. Defendant MIDFLORIDA dishonored a cashier's check.

45. Defendant's breach was the proximate cause of injury or damage to plaintiff; and

46. Plaintiff suffered damages caused by the breach.

47. WHEREFORE, and based upon the foregoing, Plaintiff seeks actual damages, noneconomic damages, pain and suffering, including past and future pain and suffering, punitive damages, plus costs, and any attorneys' fees that may arise as a result of prosecuting this matter and any other relief this court may deem just and appropriate.

### Second Cause of Action
### Breach of Third-Party Beneficiary Contract

48. PLAINTIFF incorporates by reference the allegations as set forth in ¶¶ 1-18, 35-40, above.

49. Defendant MIDFLORIDA and Marcellus M. Mason, Sr. entered a contract such that in consideration of $13,000 and applicable fees, MIDFLORIDA would issue and honor a cashier's check when presented./

50. Plaintiff was not a party to said contract.

51. Defendant MIDFLORIDA breached this contract by dishonoring a cashier's check. As stated above, and elsewhere in this complaint, Plaintiff has suffered damages as a result of the breach.

52. WHEREFORE, and based upon the foregoing, Plaintiff seeks actual damages, noneconomic damages, pain and suffering, including past and future pain and suffering, punitive damages, plus costs, and any attorneys' fees that may arise as a result of prosecuting this matter and any other relief this court may deem just and appropriate.

### Third Cause of Action
### Conversion

53. PLAINTIFF incorporates by reference the allegations as set forth in ¶¶ 1-18, 35-40, above.

54. Defendant, MIDFLORIDA, used an unenforceable and unauthorized stop payment request on a cashier's check to take $13,000 from the Plaintiff permanently.

55. WHEREFORE, and based upon the foregoing, Plaintiff seeks actual damages, noneconomic damages, pain and suffering, including past and future pain and suffering, punitive damages, plus costs, and any attorneys' fees that may arise as a result of prosecuting this matter and any other relief this court may deem just and appropriate.

### Fourth Cause of Action
### Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b)

56. PLAINTIFF incorporates by reference the allegations as set forth in ¶¶1-12, ¶¶19-28, ¶¶35-40, above.

57. Defendant WACHOVIA failed to provide a notice of such furnishing of negative information, in writing, to the Plaintiff.

58. Defendant WACHOVIA is in violation of the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681s-2(b) by failing to conduct a proper investigation of Plaintiff's dispute.

59. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC §§ 1681n(a); 1681o(a), which includes $1000 in damages, plus actual damages, punitive damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

### Fifth Cause of Action

**Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b)**

60. PLAINTIFF incorporates by reference the allegations as set forth in ¶¶1-12, ¶¶29-34, ¶¶35-40,, above.

61. Defendant BANK OF AMERICA is in violation of the **Fair Credit Reporting Practices Act (FCRA),** 1681s-2(b) by failing to conduct a reasonable investigation and reporting inaccurate information.

62. Defendant BANK OF AMERICA is a furnisher of credit information.

63. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC §§ 1681n(a); 1681o(a), which includes $1000 in damages, plus actual damages, punitive damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

**Sixth Cause of Action**
**Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681e(b)**

64. PLAINTIFF incorporates by reference the allegations in ¶¶1-12, ¶¶29=34, ¶¶35-40, above.

65. Defendant CHEXSYSTEMS is in violation of the **Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681e(b),** by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff in its reports.

66. CHEXSYSTEMS reported an account, BANK OF AMERICA, as belonging to Plaintiff when it knew or should have known that it clearly did not.

67. As a result of CHEXSYSTEMS' inaccurate report, among other things, Plaintiff has been unable to open a bank account.

68. Plaintiff has been humiliated because he cannot open a bank account.

69. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC §§ 1681n(a); 1681o(a), which includes $1000 in damages, plus actual damages, punitive damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

**Seventh Cause of Action**
**Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681e(b)**

70. PLAINTIFF incorporates by reference the allegations in ¶¶1-12, ¶¶29=34, ¶¶35-40, above.

71. Defendant CHEXSYSTEMS is in violation of the **Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681e(b),** by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff in its reports.

72. CHEXSYSTEMS reported an account, BANK OF AMERICA, as belonging to Plaintiff when it knew or should have known that it clearly did not.

73. As a result of CHEXSYSTEMS' inaccurate report, among other things, Plaintiff has been unable to open a bank account.

74. Plaintiff has been humiliated because he cannot open a bank account.

75. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC §§ 1681n(a); 1681o(a), which includes $1000 in damages, plus actual damages, punitive damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

**Eighth Cause of Action**
**Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681n(a)**

76. PLAINTIFF incorporates by reference the allegations in ¶¶1-12, ¶¶29=34, ¶¶35-40, above.

77. Defendant CHEXSYSTEMS is in violation of the **Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681n(a), by** willfully failing to comply with the FCRA.

78. CHEXSYSTEMS reported an account, BANK OF AMERICA, as belonging to Plaintiff when it knew or should have known that it clearly did not.

79. As a result of CHEXSYSTEMS' inaccurate report, among other things, Plaintiff has been unable to open a bank account.

80. Plaintiff has been humiliated because he cannot open a bank account.

81. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC § 1681n(a), which includes $1000 in damages, plus actual damages, punitive damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

**Ninth Cause of Action**
**Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681o(a)**

82. PLAINTIFF incorporates by reference the allegations in ¶¶1-12, ¶¶29=34, ¶¶35-40, above.

83. Defendant CHEXSYSTEMS is in violation of the **Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681o(a)**, by negligently failing to comply with the FCRA.

84. CHEXSYSTEMS reported an account, BANK OF AMERICA, as belonging to Plaintiff when it knew or should have known that it clearly did not.

85. As a result of CHEXSYSTEMS' inaccurate report, among other things, Plaintiff has been unable to open a bank account.

86. Plaintiff has been humiliated because he cannot open a bank account.

87. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC § 1681o(a), actual damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

### Tenth Cause of Action
### Violation of the Fair Credit Reporting Act (FCRA), 15 USC § 1681i(b)

88. PLAINTIFF incorporates by reference the allegations in ¶¶1-12, ¶¶19-28, ¶¶35-40,, above.

89. Defendant CHEXSYSTEMS is in violation of the **Violation of the Fair Credit Reporting Act (FCRA), 15 USC**, by refusing to allow the Plaintiff to file a brief statement setting forth the nature of the dispute.

90. On July 26, 2009, Plaintiff disputed the accuracy of a report and requested as an alternative to deletion that ChexSystems include a short statement describing what happened in more detail. However, ChexSystems sent a letter on or about July 28, 2009 stating that it would not publish and report Plaintiff's statement.

91. As a result of CHEXSYSTEMS' inaccurate report, among other things, Plaintiff has been unable to open a bank account.

92. WHEREFORE, and based upon the foregoing, Plaintiff requests all the relief that is specifically set forth at 15 USC § 1681o(a), actual damages, costs, and any attorneys' fees that may arise as a result of prosecuting this matter.

## OTHER RELIEF SOUGHT

93. Additionally, Plaintiff seeks injunctive relief with respect to all alleged violations of the Fair Credit Reporting Act.

_____
Dated: August 22, 2009

Marcellus M. Mason, Jr., Plaintiff

214 Atterberry Drive
Sebring, FL 33870